# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UDALIUS MCCLOUD,

    Plaintiff,

v.                                           Case No. 20-CV-1750

KEVIN BLACKMON, et al.,

    Defendants.

## ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]

On November 23, 2020, Udalius McCloud filed a *pro se* complaint against Kevin Blackmon, Matthew McCarthy, Ronald Donigain, Joseph Villalobos, and Jack Kopatch. (Docket # 1.) McCloud also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that McCloud is indigent, his motion will be granted. However, because his complaint fails to allege subject matter jurisdiction, I recommend that his complaint be dismissed.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

McCloud asserts that he is unmarried, unemployed, and has no property. (Docket # 2.) McCloud states that he receives $886 per month in Supplemental Security Income. (*Id.*) Further, he lists his total monthly expenses as $1,000. (*Id.*) Based on the information provided, I am satisfied that McCloud is indigent for purposes of the *in forma pauperis* statute and will grant his motion.

However, I find McCloud's complaint legally deficient and recommend dismissal. McCloud alleges that the defendants are special agents within the Federal Bureau of Investigation's confidential informant program. (Docket # 1 at 2.) McCloud alleges that in October 2015, "a guy [he] knew since a kid" introduced him to a program that McCloud thought would "keep [him] out of the feds," but was actually a confidential informant

program. (*Id.*) McCloud asserts that "they" told him, and the person who introduced him to the program, that "he will be to [sic] powerful in there [sic] program without a case." (*Id.*) McCloud says that, in exchange for a time cut, "they"—presumably the defendants—made deals with the person who introduced McCloud to the program to not disclose who they were. (*Id.*) McCloud further alleges that a satellite sits over any home that he is in, flickers red and blue lights, yells in his head, and shocks his body to make him not think. (*Id.* at 3.) He says that he has been complaining about this conduct the past five years and is worried for his family. (*Id.*) McCloud asserts that he filed a complaint about this conduct in this court three years ago, but "they" made him miss his court date. (*Id.*) He requests that the defendants stop harassing him and his family with their equipment and mob. (*Id.* at 4.)

Because McCloud is representing himself, I construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even construing the complaint liberally, I cannot find a cognizable claim. McCloud vaguely alleges that the defendants have harassed him with their "equipment." The complaint does not provide the minimal detail necessary, such as the specific events that occurred and the involvement of each defendant, to determine whether McCloud has any potentially valid claim. Further, there is no basis for federal jurisdiction. A federal court can decide cases involving violations of federal laws or the federal Constitution, 28 U.S.C. §1331, or cases between citizens of different states in some circumstances, 28 U.S.C. § 1332. Although McCloud checked the box for 28 U.S.C. § 1332 under "Jurisdiction" on the complaint form, he has not stated any federal law or constitutional claim against the defendants. Moreover, all parties are apparently Wisconsin citizens. Because amendment could not conceivably cure the defects in McCloud's complaint, I recommend that the action be dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that McCloud's motion for leave to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that McCloud's complaint be dismissed for failure to state a claim upon which relief may be granted.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 11th day of December, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

4

Case 2:20-cv-01750-JPS   Filed 12/11/20   Page 4 of 4   Document 5